**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 8 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| Jonathan Martinez-Herrera,<br><br>Petitioner,<br><br>v.<br><br>Merrick B. Garland, U.S. Attorney General,<br><br>Respondent. | No. 21-354<br><br>Agency No.    A213-595-298<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 6, 2023[**]

Before: CALLAHAN, FORREST, and H.A. THOMAS, Circuit Judges.

Jonathan Martinez-Herrera petitions for review of the Board of

Immigration Appeal (BIA) order dismissing his appeal from an immigration

judge's (IJ) denial of his applications for asylum, withholding of removal, and

Convention Against Torture (CAT) relief. We have jurisdiction under 8 U.S.C.

§ 1252. We deny the petition for review.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

1.      Martinez challenges the IJ's determination that he was convicted of a particularly serious crime. He argues that his two convictions for first degree residential burglary were not aggravated felonies, crimes of violence, or crimes involving moral turpitude. We review for abuse of discretion the agency's particularly serious crime determination. *Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1077 (9th Cir. 2015). Our review is "limited to ensuring that the agency relied on the appropriate factors and proper evidence to reach [its] conclusion." *Id.* (internal quotation marks and citation omitted).

"[T]he Attorney General has the authority to designate offenses as particularly serious crimes through case-by-case adjudication of individual asylum applications." *Delgado v. Holder*, 648 F.3d 1095, 1106 (9th Cir. 2011) (en banc). In this case, the IJ properly considered (1) the nature of the conviction, outlining the elements of Cal. Penal Code section 459; (2) the sentence imposed; and (3) the facts and circumstances of the convictions. *See Flores-Vega v. Barr*, 932 F.3d 878, 884 (9th Cir. 2019) (outlining factors). Martinez asserts that the facts and circumstances of the crimes demonstrate that he is not a danger to the community, but his arguments seek to have us "reweigh the evidence and reach our own determination about the crimes seriousness," which we cannot do. *See Avendano-Hernandez*, 800 F.3d at 1077. Because the IJ applied the correct legal standard and analyzed the offense "with sufficient

reference" to the correct factors, the IJ did not abuse his discretion.[1] *See Anaya-Ortiz v. Holder*, 594 F.3d 673, 679 (9th Cir. 2010).

2.      Martinez challenges the denial of CAT relief, arguing that the IJ and the BIA misconstrued his claim that he only feared being forced to work for a cartel or mafia members. We review the BIA's conclusions for substantial evidence. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020).

The BIA did not improperly construe Martinez's claim too narrowly. Rather, the BIA noted that Martinez claimed that he "will be a victim of harm on account of his gang membership and his gang tattoos that could constitute . . . torture should he come into contact with cartel and/or mafia members." The BIA also noted that Martinez "reference[d] misconduct by police, military, and illegal armed groups in Mexico." Thus, the BIA did not limit Martinez's claim to forced conscription by a criminal organization. Furthermore, Martinez failed to challenge the BIA's determination that his claims were too speculative and that he could safely relocate in Mexico; thus, he has waived any challenge to these dispositive conclusions. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir. 1996).

**PETITION DENIED.**

---

[1]  Because we affirm the IJ's determination that Martinez was convicted of a particularly serious crime rendering him ineligible for asylum and withholding of removal, we need not address whether his asylum application was untimely or whether he identified a cognizable social group.